Herbert H. Salinger v. Commissioner.
Herbert H. Salinger v. Commissioner
Docket No. 13038.
United States Tax Court
1948 Tax Ct. Memo LEXIS 199; 7 T.C.M. (CCH) 241; T.C.M. (RIA) 48067; April 30, 1948
*199 Louis Janin, Esq., 1104 Mills Tower, San Francisco, Calif., for the petitioner. T. M. Mather, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion KERN, Judge: Respondent determined a deficiency in petitioner's income tax for the year 1941 in the sum of $647.74. This deficiency results from respondent's determination that dividends in the amount of $3,572 were received by petitioner in 1941 from the Investment and Utilities Corporation, and that such dividends were from the corporation's earnings and profits of the taxable year, or from earings and profits accumulated after February 28, 1913, and, as such, were taxable as ordinary dividends. The petitioner alleged in his petition that the amount received by him from the corporation was a return of capital since the corporation had no earnings and profits but, to the contrary, had an accumulated deficit. The facts were stipulated in their entirety by the parties. The written stipulation accepted at the hearing herein reads as follows: "On June 23, 1930, Consolidated Development Company sold 12,000 shares of Western Utilities Corporation preferred stock and 55,000 shares of Class B common stock *200 of Western Continental Utilities, Inc., which had a basis in its hands of $359,069.05, to Central Illinois Company for $2,303,600, and thereby derived a profit of $1,940,930.95. "Thereafter the name of Consolidated Development Company was changed to Loveland & Company, Ltd. Prior to 1941 all of the stock of Loveland & Company, Ltd., was acquired by Investments and Utilities Corporation and Loveland & Company, Ltd., was liquidated on December 10, 1941, in a non-taxable transaction under the provisions of section 112 (b) (6) of the Internal Revenue Code and the profit on the sale of said stock as aforesaid is includible in the earnings and profits of Investments and Utilities Corporation under the rule of Commissioner v. Sansome (C.C.A. 2nd, 1932), 60 F. (2d) 931. "During the year 1941 Investment and Utilities Corporation had earned surplus in excess of the distribution made to this petitioner." From the facts stipulated it necessarily follows that we must find as an ultimate fact that the dividends received by the petitioner from the Investment and Utilities Corporation in 1941 in the amount of $3,572 were from earnings and profits of that corporation. *201 We therefore conclude that the amounts thus received were taxable to petitioner as ordinary dividends under section 115 (a) of the Internal Revenue Code. Decision will be entered for the respondent.